# IN THE COURT OF APPEALS 10/29/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KP-00260 COA

**CHRIS R. SPURLOCK A/K/A CHRIS RANDOLPH SPURLOCK**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. KEITH STARRETT

COURT FROM WHICH APPEALED: PIKE COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

PRO SE

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL BY: W. GLENN WATTS

DISTRICT ATTORNEY: DUNN LAMPTON

NATURE OF THE CASE: CRIMINAL: ARMED ROBBERY, UTTERING A FORGERY

TRIAL COURT DISPOSITION: CT I ARMED ROBBERY: CT II UTTERING FORGERY: CT III UTTERING FORGERY: CT IV UTTERING FORGERY: CT V UTTERING FORGERY: CT I SENTENCED TO 22 YRS, CT II, CT III, CT IV, & CT V SENTENCED TO 15 YRS IN MDOC SENTENCES ARE TO RUN CONCURRENTLY

BEFORE BRIDGES, P.J., COLEMAN, AND DIAZ, JJ.

BRIDGES, P.J., FOR THE COURT:

The Appellant, Chris Spurlock, was tried and convicted in the Pike County Circuit Court of armed robbery and uttering a forgery. He was sentenced to a twenty-two year term and a fifteen- year term, both to run concurrently. Spurlock appeals claiming (1) the pre-trial identification was impermissibly suggestive, (2) the evidence presented was insufficient to support a conviction, and (3) the jury's verdict was against the overwhelming weight of the evidence. We find no merit to the Appellant's arguments and affirm the lower court on all three issues.

## FACTS

On the night of January 28, 1992, Troy Phillips was a guest at the Camellia Motel in McComb, Mississippi. Shortly before 1:00 A.M., Phillips heard a knock on his motel room door. He went to the door, asked who it was, and was told it was the manager. With the chain still attached, he opened the door and saw a man pointing a gun at him. Two men forced their way into the room and stole his clothes, camera, traveler's checks, and two bottles of wine at gun point.

Phillips returned home to Jonesboro, Arkansas, and was sent photographs from the McComb police department. He identified Spurlock as one of the men who broke into his motel room and robbed him. During trial, Phillips identified Spurlock a second time.

Julie Cohn, a bank teller, also testified as to the identity of Spurlock. While working at the bank, Cohn was approached by two men at the drive through window who attempted to cash traveler's checks. Cohn explained that identification would be necessary before she could cash the checks, and the two men said they would be back. Later that same day, the men returned to the drive through window, and Cohn cashed the checks. Cohn testified that the person on the passenger side of the vehicle endorsed the travelers checks with the name Randy Reed.

Cohn later learned of the robbery from the newspaper, and realized she had cashed stolen traveler's checks. She contacted Detective Ashley who later came to the bank and had Cohn look at twelve photos of possible suspects. Out of the twelve photographs, Cohn picked Spurlock as the man in the passenger seat at the drive through window, and also explained that she recognized him as a former high school classmate.

Spurlock denied having been to the Camellia Motel or the Trustmark bank, and claimed that both Cohn and Phillips had made a mistake in identifying him as the perpetrator.

## ARGUMENTS AND DISCUSSION OF THE LAW

### I. WHETHER THE COURT ALLOWED AN IMPERMISSIBLY SUGGESTIVE PRE-TRIAL PHOTOGRAPHIC LINE-UP.

Spurlock contends that the trial court's admittance of the pre-trial identifications by Phillips and Cohn were suggestive and violated his right to due process. He argues that the photographic lineup was unreliable, and that there was no opportunity for him to exercise his sixth amendment right to counsel at the lineup.

With respect to Spurlock's right to counsel argument, *Magee v. State* explains that a photographic lineup is not a critical stage in the proceedings, and an accused enjoys no right to counsel at such an identification procedure. *Magee v. State*, 542 So. 2d 228, 233 (Miss. 1989).

As to the photographic lineup, the question becomes whether, in fact, the photographic lineups were unduly suggestive. The Mississippi Supreme Court set out the appropriate standards of review for allegedly improper identifications of a defendant in *York v. State*, 413 So. 2d 1372, 1383 (Miss. 1982). The court held:

> Only pretrial identifications which are suggestive, without necessity for conducting them in such manner, are proscribed. A lineup or series of photographs in which the accused, when compared with the others, is conspicuously singled out in some manner from the others, either from appearance or statements by an officer, is impermissibly suggestive. . . . An impermissibly suggestive pretrial identification does not preclude in-court identification by an eyewitness who viewed the suspect at the procedure, unless: (1) from the totality of the circumstances surrounding it (2) the identification was so impermissibly suggestive as to give rise to a *very substantial likelihood of irreparable misidentification.* Even if testimony is proffered of the out-of-court identification itself, the same standard exists as to the above, with the omission of the word 'irreparable.'

*Id.* (emphasis added). When there is substantial credible evidence to support the trial court's finding that there was no substantial likelihood of misidentification, this Court will affirm. *Hansen v. State*, 592 So. 2d 114, 138 (Miss. 1989) (citations omitted).

The five factors to be considered in evaluating whether there was a substantial likelihood of misidentification are:

(1) The opportunity of the witness to view the criminal at the time of the crime.

(2) The witness's degree of attention.

(3) The accuracy of the witness's prior description of the criminal.

(4) The level of certainty demonstrated by the witness at the confrontation.

(5) The length of time between the crime and the confrontation.

*York v. State*, 413 So. 2d 1372, 1383 (Miss. 1982); *see Neil v. Biggers*, 409 U.S. 188, 199 (1972). When reviewing all the evidence, it appears that the pre-trial identifications were accurate. It is necessary to apply these five factors to the facts in the present case:

(1) The opportunity to view: During the motel robbery, Phillips had an opportunity to view Spurlock. The two were face to face when Phillips opened the door, and Spurlock pointed the gun at him. At the bank, Cohn had two separate opportunities to view Spurlock, the first time he came to the drive through teller window, then a second time when they came back to cash the traveler's checks. Cohn testified that she saw Spurlock for four or five minutes, and also knew him from high school.

(2) The witness's degree of attention: In both situations Phillips and Cohn were aware of the happenings around them. They both testified to being alert at the time of the crimes.

(3) The accuracy of the witness's prior description of the criminal: Phillips provided a completely accurate description of Spurlock to the police when he first reported the incident. Cohn knew Spurlock from high school and also provided an adequate description.

(4) The certainty demonstrated by the witness at the confrontation: Both Phillips and Cohn were certain as to their identification. At trial Phillips was asked if he was certain Spurlock was the man who robbed him.

> Q. Mr. Phillips, having had an opportunity to see the defendant in person, what , if any, doubts do you have as to your identification?

A. None

> Q. Would you tell us what if any role the defendant played in the robbery, if you recall?

A. He was the spokesman.

Q. Was there ever one time when you had a good look at either of them?

A. I'd say when the gunman [sic] opened the door and [he] pointed the gun at me.

In regard to Cohn's identification, she stated that she saw Spurlock twice on January 28, 1992, at the teller window at the bank. She saw him at 8:00 A.M., when he attempted to cash the stolen traveler's checks, and again later in the day when he cashed the checks. She also testified that she recognized him from high school.

(5) The time between the crime and the confrontation: As far as length of time between the crime and the confrontation, Phillips was presented with the photographic lineup two weeks after he was robbed. Cohn was presented with photographs the day after the incident at the bank.

After applying these five factors, it is obvious that Spurlock was correctly identified. We find that the lower court was correct in admitting the pretrial identifications and affirm.

> II. WHETHER THE EVIDENCE WAS INSUFFICIENT TO CONVICT THE DEFENDANT OF FORGERY.

The standard of review for a challenge to the sufficiency of the evidence is stated in *McClain v. State*:

> In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence . . . consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.

McClain v. State, 625 So. 2d 774, 778 (Miss. 1993) (citations omitted).

In the case at hand, Cohn unequivocally stated that Spurlock was the man who endorsed the check with the name Randy Reed. Also, another witness, a Hosea Walker, admitted to being seated in the driver's seat when the check was endorsed. This was corroborated by Cohn who also knew and identified Walker. For these reasons, we find this issue to be without merit and affirm the lower court.

> III. WHETHER THE JURY VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.

As stated many times by the Mississippi Supreme Court, the standard of review for a challenge to the weight of the evidence is found in *Thornhill v. State*:

> In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion.

*Thornhill v. State*, 561 So. 2d 1025, 1030 (Miss. 1989), *see Issac v. State*, 645 So. 2d 903, 907 (Miss. 1994) (citations omitted).

In this case, the court must accept as true the evidence supporting the guilty verdict. As already explained, evidence was presented that proved Spurlock's guilt to the jury. There is no evidence that the court abused its discretion when it denied Spurlock's motion for a new trial. Therefore, we affirm the lower court's ruling.

**THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION ON COUNT I OF ARMED ROBBERY AND SENTENCE OF TWENTY-TWO (22) YEARS; COUNTS II, III, IV, AND V OF CONVICTION OF UTTERING FORGERY AND SENTENCES OF FIFTEEN (15) YEARS EACH, WITH SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.**

**FRAISER, C.J., THOMAS, P.J., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**